PeaksoN, O. J.
 

 The defendant, Ross, admits he signed one of the notes, but alleges, by way of avoidance, that he left it in possession of Moss, with the understanding that he was not to use it, unless it was also executed by one Cooper as co-surety.
 

 It may well be doubted, whether this matter, if proven, would be sufficient in avoidance, for the reason that Moss was thereby enabled to procure from the plaintiff a surrender of his evidence of debt, and if loss follows from this breach of confidence, it should fall on the party who reposed the confidence rather than on an innocent third person. But the allegation is not proven by any competent evidence. Cooper, it is true, swears that he signed a note as surety for Moss, and left it in his possession with an i^derstanding that it was not to be used unless Ross executed it as co-surety; but this evidence does not establish the allegation of Ross in respect to the note which he signed.
 

 There is a portion of the answer which tends to show that both Ross and Cooper acted with very little caution in this business. “This defendant further answering states, that during the same day, or shortly after he had signed the note, he met with Cooper in the streets of Charlotte, and asked him if he had signed the- note, and Cooper told this defendant that he had, and said Cooper then asked this defendant if he had
 
 *147
 
 signed it, and he told said Cooper that he had. This defendant then rested contented until a writ was served on him.”— Now, if there was but
 
 one
 
 note, either Ross or Cooper must have signed it before the other, and the fact that both were ignorant that the other had signed it, ought to have suggested that there was some mistake about it, and led to an enquiry which would have disclosed the fact that Moss had procured each to sign a different note, so as to show that there were two notes of about the same amount.
 

 In regard to the second note, mentioned in the bill, its execution is denied by Ross, and the deposition of Mr. Davis does not establish it. He does not swear to the hand-writing of Ross, but thinks there were two notes purporting to have been signed by him as .surety of Moss, and says that after the notes were burnt, he desired Ross to execute his note in lieu thereof, which Ross declined, saying it was hard to pay security money, and Moss had deceived him by not getting Cooper to sign also, and said nothing about a forgery. If the attention of Ross had been distinctly called to the fact of there being two notes with his name to them, his silence in respect to the fact that he had only signed one note, might have led to an inference against him, but such inference would not outweigh his positive dejiial in the answer, so as in the face of his oath to establish the allegation of the bill that he had signed two notes. But we think it probable that his attention was not called to it, but, on the contrary, was directed from it by the fact that the writ in the action at law, sets out only one debt, $567 87; the two notes being consolidated, and all the ■circumstances suggest that probably Mr. Davis filled up the Writ without noticing the fact that one note was signed by Ross and the other by Cooper, which will explain the matter, and prevent any conflict between the answer of Ross, and the deposition of Mr. Davis, and leave Cooper liable on the other note, unless he is protected by the statute of limitations. — - However this may be, the plaintiffs have failed to prove that Ross executed more than one note, and must be content to 'take a decree for the amount of one of the notes and interest.,
 
 *148
 
 One of the notes is for $284 07. The other for $283 80, with interest from near the same date, and as the proof does not show which was signed by Eoss, the decree 'will be for the smaller note; the
 
 onus
 
 being on the plaintiff.
 

 Pee CueiaM, Decree accordingly.